United States Dist. Court for the Middle Dist. of North Carolina - Greensboro Divisions

August B. Kreis, III, 365998 ) No. 1:17-CV-414-JEP-(conspirator-aider)
ProSe 504/ADA Double Amputee ) Suppl.-Amends to ProSe's Mandamus to transfer his
-vs- ) So. Car. cases to & files his objections to Peake (6-22-23-
D. Ross-et.al., of 5,000 Conspirators ) 17 & seeks to set them aside by 59(E) & 60(b)(3,
now 5,001 - Peake joined by forgers.) 4 & 5).

- 1.) ProSe seeks to Suppl.-Amend his Mandamus to transfer his So.Car. State & Fed. cases out of hands of forgers & Defs. controls, & objects to the forged Peake (6-22-23-17) Fraud-Sham orders; & seeks to set them aside, by Fed. R. Civ. Proc. Rules 59(E) & 60(b),(3)(4)(5) & 28 USC -1341 it's a felony to send forged orders by mail, & S.C. Code 15-13-440(6) & (7), & F.R. Civ. Proc. Rules 59 & 65; &

- 2.) ProSe filed Mandamus to transfer not a 1983 action & his Constal. violates are uncomprehensible & are not frivolous & states a proper basis to transfer, & there's an out of control conspiracy at fact & forging court orders is a felony serious crime & done to cause harms & illegal detention & to coverup 1,000's of felonies of Big officals proven & undisputed in 3:17-344-TLW-PJG just received forged orders on (6-14-17) & 17-CP-40-1181 - another conspiracy at (6-8-17) order & 3:11-646 & changed to 3:16-3131-JFA-by forgers; see details of felonies, & also in J-Rock 6:17-290 & 612 & 749 & 1425 & 1561 RBH - Forged over ?,000 Orders & letters; which ProSe has a Constal. right to seek transfer to Nor.Car. jurisd. speedly & does so again & fees already paid & debited to his Cooper account - $350.00 by forged order (6-14-17) & McBride & Hasty cases fees already paid by Indigent Funds &

- 3.) ProSe states his Mandamus issues are not 1983 status ones & only can be gotten by Writ of Mandamus & objections to Peake-forgers ruling for ProSe file 1983, which is fraud-by Court to mislead; to try & stop hearing & counsel given, & arrests of Defs. felony & forgers & he's in correct jurisd. by over 40 conspirators are & have committed felony acts on ProSe's issues raised, same as J-Rock's, & there's no fee for Mandamus), but fees already paid, if Court wants to transfer those? & objects to Peake-forgers seeking sau sponte dismissal without prejudice & there's no defects in his Writ & seeks still for defs. to be reserved, by ProSe already served them. see proof in above cases & (6-8-17) 125 pgs. served on Defs. & Richland Cty. Ct., Attys. Davidson & Briggs & Judge Defs. McFaddin-aider-conspirators in 17-CP-40-1181 & 3:17-344-TLW cases. & there's no serious flaws in Mandamus, only in Sham-Fraud-Forged Peake-Forgers Orders, which I strongly object to & seek to set them aside, by above Statutes; & declaratory injunctions reliefs.

See; Smith, 521 U.S. 1181 (1997) (PLRA) 250. 400.00 fees doesn't apply to Mand. nor Motions to vacate-set aside, no Habeas nor Appeals);
See; Nill, 106 F.3d 275 (4th cr. 1999) (PLRA) doesn't apply to $5.00 Habeas nor Appeals).
(6-28-17-AK)

1-2.

See; Haino, 250 F.3d 146, 151 (2nd Cr. 2000) (Sau-Sponte) dismissal is improper when Constal. rights colorable claim is made out, prior to ser. of process & defs. answer);

See; In Re Genesys Datatech, Inc., 204 F.3d 1124 (4th Cr. 2000) Fraud act by Ct. or officers of it, allows setting judgt. aside to restore integrity of Ct. to fair proceedings);

See; Myers, 102 F.3d 74, 76 (3d Cr. 1996) Mandamus or motion to set aside are outside the ambit of (PLRA), & is a criminal proceedings);

See; Ittjung, 235 F.3d 330 (7th Cr. 2000) File 60(b)(3),(4),(5) to set aside void, fraud, sham, forged orders);

See; Infel, 972 F. Supp. 608 (S.D. Fla. 1997) Action by Fed. agencies are strongly to be in Fed. Ct's even when denied Constal. right, Feller, 116 S.Ct. 827 (1996)));

See; Webster, 486 U.S. 592 (1988) even where barred from review Fed. Ct. can hear Constal. issues being denied);

See; Quick, 257 F. Supp. 252 (D.S.C. 1966) Declaratory relief granted by 15-53-420&57 & doesn't matter there are other remedies available) &

4.) ProSe has shown a Constal. right to seek Mandamus not a 1983 suit, to transfer his Mandamus & suits out of forgers hands & theirs & Refs. controls, & demands it be served again & processed & appoint Counsel & order ProSe removed to Nor. Car. Fed. custody for hearings & waive reverse any fees to Refs. for their bad conducts-felony acts. 1915-(b)(4) & (F)(i)

See; Fuller, NO-04-2457-(M-2005-US LEXIS 18977-at #5 (D. Kan. Aug. 8, 2005) (UnPub) holding claims of false arrests & imprisoned are not prison condition & (PLRA) dosen't apply, Offict., 1757-Appx. 235 (10th Cr. 2006)); & ProSe does raise & pures this is illegal imprisoned, by conspiracy to frame him, & Neto, Richland on (3-31,17), & Kershaw Counties at 6-12,17), have gotten rid of all charges & expungement from his records, which caused the false conviction & (Wa. 25,15), which new convictions has no evidence to support them, by those convicted ones used in a conspiracies to frames ProSe; &

5.) ProSe incorperates his Mandamus __ pages into this objection to support the relief he seeks, & for Court NCT & JEP to recuse if they are in fact party to forged orders in ProSe's & Flock's cases, & prays court holding hearings within 7dys are us & grants relief speedly, & sworn to as true by (18USC-1621/1622/1623/1746).

Respectfully submitted:
Dated, June, 27, 2017,
August B. Kreis, III, 365998
Perry Cor. Inst/RU-1934/430 Oaklawn Rd/Pelzer, So. Car. 29668-8363.